**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

**IN RE:** **CASE NO. 26-20942**
**Chapter 7**
**TIMOTHY D. EHN** **Judge Lutz**

**Debtor**

---

**MOTION TO APPROVE COMPROMISE**
**PURSUANT TO RULE 9019**

---

COMES NOW, Lori A. Schlarman, Trustee in Bankruptcy (hereinafter "Trustee"), and moves the Court, pursuant to Federal Bankruptcy Rule of Procedure 9019, for an order approving the compromise (hereinafter "Settlement") she has reached with Michael B. Baker, Receiver for GT Enterprise, LLC (hereinafter "Receiver"). Under the proposed Settlement Agreement, the Trustee will likely be able to make a distribution to creditors and avoid the cost of litigation. As such, the Trustee believes the Settlement is in the best interest of the bankruptcy estate and requests its approval.

**<u>STATEMENT OF FACTS</u>**

The Debtors, filed for chapter 7 bankruptcy protection on September 16, 2026. Following the rejection of the original trustee, Lori A. Schlarman was appointed the successor chapter 7 panel trustee on October 14, 2026, and has acted in that capacity since that time. The 341 meeting of creditors was scheduled and heard November 17, 2026.

Prior to the filing of the bankruptcy, the Debtor and a co-defendant were convicted of crimes related to a healthcare fraud scheme. *United States of America v. Siefert, et al*. Case No. 21-CR-02, E.D. Ky. (hereinafter "the Criminal Action"). Both the Debtor and his co-defendant were sentenced to criminal restitution in the amount of $3,773,569.30. The Sixth Circuit Court

of Appeals affirmed these judgments and they are now final. *United States v. Siefert,* 161 F.4th 379 (6th Cir. 2025). The Debtor scheduled his restitution liability in excess of $3.7 million on Schedule D of his bankruptcy petition.

The Debtor and his co-defendant each possessed a 50% membership interest in an entity named GT Enterprise, LLC (hereinafter "GTE"). GTE's primary asset is a commercial property located at 8780 U.S. 42, Florence, KY, (hereinafter the "Real Estate"). As part of its efforts to collect restitution, the United States sought and received a charging order against the Debtor's and his co-defendant's membership interest in GTE. The United States further filed a motion seeking the appointment of Michael B. Baker as receiver (hereinafter "Receiver"), for GTE to manage and liquidate the Real Estate. On August 8, 2025, the United States District Court for the Eastern District of Kentucky, entered an order appointing the Receiver. The powers granted the Receiver include the power to sell the real estate.

On September 15, 2026, the District Court held a hearing where it approved the sale of the Real Estate pursuant to terms bargained for by the Receiver, over the objection of the Debtor. On September 16, 2026, the District Court entered a Final Order Confirming Sale, Docket No. 496, (hereinafter the "Sale Order").[1]

Since the entry of the Sale Order, the debtor has filed a series of motions and appeals. The Debtor has filed three separate appeals in the United States Court of Appeals for the Sixth Circuit, (hereinafter the "Appeals"), related to the sale of the Real Estate by the Receiver:

(a) *United States of American v. Ehn*, Case No. 26-5971;

(b) *United States of America v. Ehn,* Case No. 26-5972; and

(c) *United States of America v. Ehn,* Case No. 6005.

---

[1] The Sale Order is attached as an Exhibit to the Settlement Agreement which is incorporated herein as Exhibit "A".

The most recent appeal was filed November 9, 2026, almost two months after the Sale Order was entered and upon the eve of the Real Estate closing date. These appeals were all filed post-petition, without the knowledge or approval of the Trustee.

The Debtor has also sought a stay, (hereinafter the "Stay Motion"), of the Sale Order in both the Criminal Action and the Appeals. Both the United States of America and the remaining 50% member of GTE have filed responses to the Stay Motion opposing the stay of the sale. The Debtor also raises ambiguous claims related to the real estate professional hired by the Receiver to market the Real Estate. The Debtor has failed to schedule any of the litigation rights he claims to possess with respect to the Appeals and related motions. Those litigation rights are property of the bankruptcy estate.

The Appeals also seek the appointment of counsel for the Debtor in the remainder of his post criminal conviction proceedings. The Trustee does not believe the bankruptcy estate possesses a property interest in that portion of the relief sought by the Debtor. Therefore, she is not seeking to convey or otherwise dispose of those action(s).

COMPROMISE PROPOSAL

The Trustee has reached an agreement to resolve the Appeals and related stay motions which seek to stay or alter the Sale Order. Pursuant to the Settlement Agreement, attached hereto as Exhibit "A", the Trustee will stipulate to a partial dismissal of the Appeals and withdraw the motions seeking to stay the Sale Order, with prejudice. In addition, the Trustee will release the Receiver's real estate professional from any claim the Debtor would have possessed related to the marketing, sale, and leasing of the Real Estate. In exchange, the Trustee will receive a one-time payment of $15, 000 at the time of closing on the sale of the Real Estate.

Pursuant to Fed. R. Bankr. P. 9019(a), the Trustee may seek an order approving a settlement or compromise on any claim after appropriate notice. Once a motion is filed, the Court, after consideration of the facts of the particular case, must independently determine whether the settlement is "fair and equitable." *Reynolds v. C.I.R.* 861 F.2d 469, (6th Cir. 1988). In the Six Circuit stated this determination is made by examining the following four facts:

(a) The probability of success in the litigation;

(b) The difficulties, if any, to be encountered in the matter of collection;

(c) The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

(d) The paramount interest of the creditors and a property deference to their reasonable views on the premises. *In re Bard*, 49 F. App'x 528, 530 (6th Cir. 2002).

In the case at hand, all four factors weigh strongly in favor of the Settlement. With respect to the first factor, the Trustee believes the claims asserted by the Debtor are not likely to ultimately succeed.

With respect to the second factor, it is unlikely the estate will be able to collect more than the settlement payment being offered. There are no funds to be collected by the bankruptcy estate over and above the payment on the restitution order pursuant to the charging order.

With respect to the third fact, the three appeals and stay motions will require significant time and administrative costs to the bankruptcy estate which are likely not justified given the merits and unlikely event of prevailing on appeal.

The final factor also weighs heavily in favor of finding the Settlement fair and equitable because the proposed Settlement offers creditors of the bankruptcy estate a sum certain instead of the delay and costs of litigation.

Taken together, the Trustee in exercise of her business judgment, believes that h the Settlement is in the best interest of the bankruptcy estate and that no better result for the estate or its creditors is likely.

WHEREFORE, the Trustee prays that the Court enter an order approving the compromise reached between the Estate and the Receiver as set forth above and authorizing her to enter into the Settlement Agreement and execute any and documents needed to effectuate its terms.

Respectfully submitted,

/s/ Lori A. Schlarman
Lori A. Schlarman
Bankruptcy Panel Trustee
P.O. Box 17275
Ft. Mitchell, KY 41017
(859) 586-1526

**NOTICE**

Notice is hereby given that the foregoing Motion will be heard on Tuesday, December 8, 2026, at 1030 a.m. at U.S. Bankruptcy Court, 35 W. 5th Street, Suite 306, Covington, Kentucky.

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was served by electronic means through the Court's CM/ECF system, or regular U.S. Mail, as indicated below, upon the following parties this 20th day of November, 2026:

/s/ Lori A. Schlarman
Lori A. Schlarman

U.S. Trustee ustpregion08.lx.ecf@usdoj.gov
Debtor by regular U.S. Mail
Debtor's Counsel by CM/ECF email

All Creditors and parties in interest as listed on the Debtor's Schedules and in the Court's CM/ECF Noticing System.