# SETTLEMENT AGREEMENT

Lori A. Schlarman, Trustee in Bankruptcy for Timothy D. Ehn, ("Trustee"), and Michael B. Baker, Receiver for GT Enterprise, LLC ("Receiver"), have reached agreement, (the "Settlement Agreement" or "Settlement"), regarding the Debtor's litigation rights stemming from the sale of real estate commonly known as 8780 U.S. 42, Florence KY, 41042, (the "Real Estate"). The parties agree as follows:

1. The Debtor has filed three appeals in the United States Court of Appeals for the Sixth Circuit, (the "Appeals"), related to the sale of the Real Estate by the Receiver:

   a) *United States of America v. Ehn,* Case No. 26-5971,

   b) *United States of America v. Ehn,* Case No. 26-5972, and

   c) *United States of America v. Ehn,* Case No. 26-6005.

2. The Debtor has also sought a stay, (the "Stay Motion"), of the Receiver's approved sale of the Real Estate in the Debtor's underlying criminal case, *United States v. Siefert, et al.*, 21-CR-02, E.D. Ky, (the "Criminal Case"), and in the Appeals.

3. With respect to the sale of the Real Estate, the Debtor's rights in the Appeals and the Stay Motions are property of the bankruptcy estate.

4. The Receiver and the Trustee have agreed to resolve the Appeals and the Stay Motions.

5. To the extent that the Appeals remain pending when this Settlement Agreement is approved, the Trustee shall stipulate to a dismissal with prejudice of the Appeals and withdraw the Stay Motions to allow the unimpeded sale of the Real Estate pursuant to the terms of the Final Order Confirming Sale, entered in the Criminal Case at Doc. No. 496, a copy of which is attached hereto as Exhibit A.

6. The Trustee shall also forever release, waive, convey and/or forever quitclaim any rights of the Debtor and/or his bankruptcy estate whatsoever to file any further motion, appeal, or other process to reverse, alter or otherwise impede the sale of the Real Estate by the Receiver under the terms of the Final Order Confirming Sale or the distribution of the proceeds of said sale, including but not limited to distribution to the United States on account of the Debtor's restitution obligation. The Trustee shall further agree not to bring any further lawsuit, process or appeal to reverse, alter or otherwise impede the sale or the distribution of the proceeds of said sale, including but not limited to distribution to the United States on account of the Debtor's restitution obligation.

7. The Trustee shall also release any and all claims whatsoever, known and unknown, that the Debtor may possess, or claim to possess, against the Receiver's real estate broker, Ken Holliday, his agents, employees and affiliates, with regard to any matter involved in the marketing, leasing and/or sale of the Real Estate under the terms of the Final Order Confirming Sale. The parties agree that this Settlement Agreement shall be conclusive evidence that the

Debtor possesses no further right or claim whatsoever against said real estate agent with regards to said sale.

8. In exchange, the Receiver shall deliver to the Trustee a one-time payment of $15,000.00, (the "Settlement Payment"), payable at the closing of the sale of the Real Estate.

9. This Settlement Agreement shall constitute a complete agreement. There are no obligations or agreements amongst the parties which are not contained herein.

10. Each and every party to this Settlement Agreement consents to the entry of final orders by the Bankruptcy Court as to any matter deemed non-core related to, touching upon, or arising out of this Settlement Agreement.

11. The United States Bankruptcy Court for the Eastern District of Kentucky shall retain jurisdiction to interpret and decide any dispute related to, touching upon, or arising out of this Agreement.

12. Each party to this Settlement Agreement acknowledges that it has had an opportunity to consult with Counsel of its choice, if any, prior to executing this Settlement Agreement.

13. Each party to this Settlement Agreement acknowledges that it is the product a mutual negotiation and each party hereto waives any defense they may possess on account of which party drafted this Agreement.

14. All parties acknowledge that the terms and conditions contained herein shall not be enforceable against any party until such time as the United States Bankruptcy Court for the Eastern District of Kentucky has approved this Settlement Agreement and entered the Settlement Order. The Trustee agrees to promptly seek approval of this Settlement Agreement after its execution.

15. The parties specifically state each party to this Settlement Agreement possesses all necessary authority and capacity to enter the Settlement Agreement.

16. This Settlement Agreement may be executed in counterparts by scanned and electronically transmitted signature pages, with each counterpart signature having the same force and effect as an original.

17. The parties agree to cooperate and execute any further documents or pleadings necessary to effectuate the terms of this Settlement Agreement.

[Remainder of page intentionally left blank.]

The parties have set their hands this _______day of November 2026.

______________________________
Michael B. Baker, Receiver for
GT Enterprise, LLC

______________________________
Lori A. Schlarman, Trustee in Bankrutpcy
for Timothy D. Ehn.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**COVINGTON CRIMINAL NO. 21-2-DLB-CJS**

**UNITED STATES OF AMERICA** **PLAINTIFF**

vs. **<u>FINAL ORDER CONFIRMING SALE</u>**

**WILLIAM LAWRENCE SIEFERT, M.D TIMOTHY EHN D.C.** **DEFENDANTS**

*** *** *** ***

Michael B. Baker, Receiver, has requested an Order confirming the proposed sale of 8780 U.S. 42, Florence, KY, (the "Real Estate"). The Real Estate is more particularly described as set forth in Exhibit A, attached hereto and incorporated herein by reference. On August 13, 2026, the Receiver filed his Motion to Approve Sale Procedures and Set Hearing to Confirm Sale, Doc. # 471, (the "Sale Motion"). The Sale Motion sought approval of the terms of a purchase agreement attached to the Sale Motion as Exhibit A, (the "Purchase Agreement"), between the Receiver and ACG Terrace, LLC, (the "Buyer").

On September 3, 2026, the Court entered its Order Approving Procedures and Setting Hearing to Confirm Sale, Doc. # 477, (the "Procedures Order"). Pursuant to the Procedures Order, the terms of the Purchase Agreement were approved subject to compliance with requirements of 28 U.S.C. § 2001(b). On that same date, the Court entered an Order setting the Confirmation Hearing for September 15, 2026, at 2:00 p.m. On September 8, 2026, the Receiver filed in the record copies of the Appraisal Reports received from the three disinterested real estate professionals appointed by the Court to perform a valuation of the Real Estate. (Doc. # 481). Said report valued the Real Estate

at $3,500,000.00. On that same date the Receiver filed an Affidavit of Publication regarding the Notice of the Confirmation hearing. (Doc. # 482). On September 11, 2026, the Receiver filed a Status Report with the Court stating that no overbids had been received by the Receiver prior to the time allowed in the Procedures Order. ( Doc. # 490). The Court in all ways being sufficiently advised;

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. Notice of the Confirmation Hearing is sufficient and complaint with 28 U.S.C. § 2001.
2. The purchase price of $2,400,000.00, subject to the terms set forth in the Purchase Agreement, exceeds two-thirds of the value set by the appraisal performed by three disinterested real estate professionals.
3. The Real Estate has been sufficiently marketed by qualified professionals.
4. The Procedures Order provided adequate opportunity for parties to present an overbid for the Real Estate.
5. No party has timely presented the Receiver with an overbid that meets the requirements set forth in the Sale Motion as approved by the Procedures Order.
6. The Receiver, in the exercise of his business judgment, is of the opinion that the proposed sale to the Buyer is in the best interests of the receivership estate and no higher purchase price for the Real Estate is likely under the circumstances.
7. To the extent any party has objected to the proposed sale or its confirmation, said objection is overruled with prejudice.

8. The Receiver is authorized to take such actions as are necessary to carry out the terms of the Purchase Agreement and convey the Real Estate and all of GT Enterprise, LLC's right, title and/or interest, if any, in and to the Subject Premises (as defined in the Purchase Agreement) to the Buyer free and clear of the right, title, and interest of GT Enterprise, LLC, Defendants William Lawrence Siefert and Timothy Ehn, and their respective agents and/or affiliates.

9. This authorization includes, but is not limited to, the authority of the Receiver to execute and deliver all necessary deeds, assignments, bill of sales, settlement statements, title affidavits, IRS Form 1099-Ss, FIRPTA certificates and other documents.

10. The Receiver shall file in the record a Report of Sale within 7 days of any closing. Said report shall include a copy of the settlement statement from the closing as well as the amount of net proceeds received by the Receiver.

Accordingly, for the reasons stated herein, **IT IS ORDERED** that the Motion to Approve Sale Procedures and Set Hearing to Confirm Sale (Doc. # 471) is **GRANTED**.

This 16th day of September, 2026.

**Signed By:**

***David L. Bunning***

**Chief United States District Judge**